**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

---

ANGEL BOLIVAR FERNANDEZ PINDUISACA,

Petitioner,

v. No. 1:26-cv-01221-MLG-JFR

TODD BLANCHE, Acting Attorney General, MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD M. LYONS, Acting Director of Immigration and Customs Enforcement, MARY DE ANDA-YBARRA, Director, El Paso Field Office Immigration and Customs Enforcement, and GEORGE DEDOS, Warden, Torrance County Detention Facility,

Respondents.

**ORDER OF DISMISSAL**

This matter is before the Court on Petitioner's Motion to Dismiss Habeas Petition as Moot, Doc. 15, indicating that Petitioner Angel Bolivar Fernandez Pinduisaca was deported. *Id.* at 1. Accordingly, it appears that Fernandez Pinduisaca's petition for writ of habeas corpus, Doc. 1—which sought his release from detention at the Torrance County Detention Center—is moot. *See Kansas Jud. Rev. v. Stout*, 562 F.3d 1240, 1246 (10th Cir. 2009) ("When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." (citation omitted)).

"[D]eportation does not render an alien's § 2241 petition moot if the alien alleges sufficient collateral consequences." *Fonge v. Comfort*, 62 F. App'x 266, 268 (10th Cir. 2003); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1256 (10th Cir. 2002) (explaining that when a habeas petitioner is no longer in custody, the court's "inquiry then becomes whether [the petitioner] meets one of the

exceptions to the mootness doctrine"). But Fernandez Pinduisaca does not allege any collateral consequences, and given that Fernandez Pinduisaca was deported, not simply released from federal immigration authorities' custody, it does not appear that any of the other mootness exceptions apply. *Riley*, 310 F.3d at 1256.

Accordingly, this matter is moot and must be dismissed for lack of subject matter jurisdiction. *See Eaves v. Polis*, 167 F.4th 1304, 1310 (10th Cir. 2026) (explaining that when a case is moot, "a federal court must dismiss the action for want of subject-matter jurisdiction"). This civil action shall be dismissed without prejudice. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) (providing that "dismissals for lack of jurisdiction should be without prejudice"). A final judgment will be entered separately.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA